FILED
MAY 13 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Craig,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Monica Ball et al.,<br><br>　　　　Defendants. | Civil Action No.<br><br>10 0777 |

## MEMORANDUM OPINION

Plaintiff Craig (no last name) has filed an application to proceed without prepayment of fees and a pro se complaint. The application will be granted and the complaint will be dismissed as frivolous.

Craig, who identifies himself as a temporary resident Saint Elizabeth's Psychiatric Hospital, brings this suit against Monica Ball, the Concierge in the apartment house where Craig lived in March 2006, unnamed tenants who complained about him, the apartment house, the corporate owner of the apartment house, and the chairman of the board of directors of the corporate owner. Complaint at 1. He alleges that in March 2006, Ball assaulted him with a baseball bat when he was "one month without my disabled life saving psychotropic medication, Paxil," was "in extreme life-threatening withdrawal," and was "attempting against all monumental adversity to get . . . to the emergency room of the Washington Hospital Center to check [him]self into the Psychiatric Ward . . . under the expert care" of his psychiatrist. *Id.* ¶ 3. Allegedly, Ball, the concierge, citing instructions by the property's manager (not a defendant in this case), refused to let Craig use the telephone at the concierge desk to summon a taxi, at which

point Craig experienced "an extreme panic anxiety attack." *Id.* Ball allegedly hit him on the head with a baseball bat while two other men — allegedly the apartment house's maintenance man and the Administrative Director of the American Civil Liberties Union — held his arms behind his back. *Id.* ¶¶ 2-3. Craig also alleges that the two men and Ball later lied to the police about the incident. *Id.* Craig conclusorily alleges that Ball's refusal to let him use the telephone was "in retaliation against my ongoing complaints," under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Fair Housing Act of 1988, 42 U.S.C. § 3601 et seq., and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 et seq. Complaint ¶ 3.

This complaint warrants dismissal because it appears to arise from "factual contentions [that] are clearly baseless" and "describ[e] fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (determining that courts have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). Accordingly, this complaint will be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate order accompanies this memorandum opinion.

Date: April 26, 2010

/s/ Royce B. Lamberth
United States District Judge